STAMOULIS & WEINBLATT LLC
*Intellectual Property & Delaware Corporate Law*

October 13, 2015

Stamatios Stamoulis
stamoulis@swdelaw.com

**Via CM/ECF**
The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Bldg.
844 N. King Street
Room 4324, Unit 19
Wilmington, Delaware 19801-3569

Re: *Joao Control & Monitoring Systems, LLC v. CoxCom LLC*,
C.A. No. 14-cv-520 GMS (LEAD)
*Joao Control & Monitoring Systems, LLC v. Time Warner Cable Inc. and iControl Networks, Inc.*,
C.A. No. 14-cv-524 GMS
*Joao Control & Monitoring Systems, LLC v. Terremark North America LLC*,
C.A. No. 14-cv-525 GMS

Dear Judge Sleet:

I represent Plaintiff Joao Control & Monitoring Systems, LLC ("JCMS") and submit this letter in response to Defendants' Joint Letter addressed to Your Honor on Monday, October 5, 2015 (D.I. No. 56). The joint letter was incomplete and Plaintiff respectfully submits this letter in attempt to provide the Court with a more complete record.

Three different district courts have issued *Markman* orders construing terms in the JCMS portfolio. These orders were handed down within a three week period in August 2015. While Defendants selectively brought to the Court's attention the *Markman* order that most favors their position, there are two other *Markman* orders that directly contradicted the *Markman* order in *JCMS v. Protect America*. See Exhibit A: *Markman* Order in *JCMS, LLC v. Digital Playground et al.* and *JCMS, LLC v. City of Yonkers, et al.*, case nos. 1:12-cv-6781-RJS, 1:12-cv-7734-RJS (S.D.N.Y.), and Exhibit B: *JCMS, LLC v. FCA US LLC (f/k/a Chrysler Group LLC)*, case no. 1:14-cv-13957-MAG-MAR (E.D. Mich.).

These two other district courts did, in fact, construe the same terms that Defendants now want to allege are indefinite. The opinion by the New York Court was issued first on August 6, 2015. The New York Court construed terms that were later found to be indefinite by the Texas Court on August 18, 2015. The Eastern District of Michigan had before it for consideration the *Markman* Order of the Texas court (submitted by the defendant in that case), and the *Markman* Order of the New York Court (submitted by JCMS, LLC), which two decisions contradicted each other. The Michigan Court construed the same terms in spite of the Texas Court's earlier finding of indefiniteness. These are facts that counsel discussed during the teleconference on Monday, yet Defendants neglected to present a complete summary to Your Honor. [1]

[1] The Texas Court did not agree with Judge Sullivan, and decided that the lexicographer's rule did not apply. Its analysis directly contradicted the New York *Markman* Order which was submitted to the Texas Court as supplemental authority prior to issuance of the Texas *Markman* Order.

While Defendants believe that a stay is appropriate in this case, there is a related case pending in the Western District of Texas where iControl refuses to agree to a stay. Defendant iControl refused to participate in the meet and confer on Monday and did not join in the letter, despite its same counsel being present on the meet and confer phone call representing other Defendant(s). iControl has refused to stay its declaratory judgment action filed in the Western District of Texas on August 26, 2015. That lawsuit was improper for at least the following reasons: iControl is a real party in interest (jointly with Defendants CoxCom and Time Warner) to six (6) *Inter Partes* Reviews that were filed in June and July 2015. Pursuant to 35 U.S.C. § 325(a)(2), that case should not have been filed and should have been immediately stayed. Additionally, the alleged basis for iControl's complaint is the infringing activity of Time Warner as alleged by Plaintiff in the current case before Your Honor which is consolidated with the lead case, 14-cv-520. iControl's filing in the Western District of Texas is a clear case of forum shopping. If iControl were truly in imminent threat of litigation, this Court is the only appropriate forum for it to appear to resolve the claims relating to Time Warner's accused infringing activity.

Defendants' motion to stay should have been sought immediately after Defendants filed numerous petitions for *Inter Partes* Review, especially if the Defendants truly wanted to avoid claim construction briefing. The motion to stay should proceed on its current schedule for briefing.

We are available at the convenience of the Court should Your Honor have any questions regarding the foregoing.

Respectfully,

Stamatios Stamoulis #4606
*Counsel for Plaintiff,*
*Joao Control & Monitoring Systems, LLC*

Attachments

cc: All Counsel of Record (w/Attachments)